FILED

JUL 14 2004

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Elsie Marie Allen, as Personal Representative of the Estate of Donna Lea Swaim, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>Greenville Hotel Partners, Inc., R.G. Hospitality, LLC, and Choice Hotels International, Inc.,<br><br>Defendants. | C. A. No. 6:04-2327-20<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

The Plaintiff, complaining and alleging of the Defendants above named, would respectfully show unto the Court as follows:

## PARTIES

1. That decedent DONNA LEA SWAIM, (hereinafter "decedent") at all times mentioned herein was a resident of Conover, North Carolina. That plaintiff is the mother of the deceased and is personal representative of the estate of the deceased, having been appointed as personal representative by order of the Probate Court in Catawba County, North Carolina, case number 04 E 285.

2. That plaintiff is informed, believes, and on that basis alleges, that

Defendant GREENVILLE HOTEL PARTNERS, INC., is now, and at all times mentioned herein was, a corporation duly organized under the laws of the State of South Carolina, and having its principal place of business in South Carolina and registered agent there for service of process, V.J. Patel. Said defendant can be served through this agent at 831 Congaree Road, Greenville, South Carolina.

3. That plaintiff is informed, believes, and on that basis alleges, that defendant CHOICE HOTELS INTERNATIONAL, INC., is now, and at all times mentioned herein was, a corporation duly organized under the laws of the State of Delaware, with principal place of business in Maryland and which can be served through its registered agent, U.S. Corp., located at 500 Thurmond Mall Boulevard, Columbia, South Carolina.

4. That plaintiff is informed, believes, and on that basis alleges, that defendant R.G. HOSPITALITY, LLC, is now, and at all times mentioned herein was, a corporation duly organized under the laws of the State of Delaware, with principal place of business in South Carolina and registered agent V.J. Patel, and can be served at 831 Congaree Road, Greenville, South Carolina.

5. That this action is brought pursuant to Title 45 of the Code of Laws of South Carolina, 1976 including but not limited to Section 45-1-10, *et. seq. and* 45-5-10 *et. seq.,* as amended, as well as the regulatory, statutory and common laws of the state of South Carolina and appropriate county and city municipal and building codes.

6. That this action is brought by the plaintiff as personal representative, pursuant to Section 15-5-90, *et. seq.,* of the South Carolina Code of Laws,

2

1976, as amended (survival action) and Section 15-51-10, et seq. Of the South Carolina Code of Laws 1976, as amended (wrongful death). The statutory beneficiaries of the decedent are decedent's children, Justin Michael Vaughan and Brandy Nicole Mooney.

7. That the jurisdiction of this court over the subject matter of this action is predicated on 28 USC §1332 because of the diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. That personal jurisdiction exists over defendant Greenville Hotel Partners, Inc., because its principal place of business is located in Greenville County, South Carolina. Personal jurisdiction exists over defendant R.G. Hospitality, LLC, because its principal place of business is located in Greenville County, South Carolina. Personal jurisdiction exists over defendant Choice Hotels International, Inc., under the South Carolina Long Arm Statute, Section 36-2-803 because said defendant transacts business in the State of South Carolina and has committed torts relevant to the accident giving rise to this claim in the State of South Carolina.

## VENUE

9. That the injury and death complained of occurred at the Comfort Inn and Suites, located at 831 Congaree Road, Greenville, South Carolina, making venue proper pursuant to Section 28 USC § 1391.

3

## GENERAL ALLEGATIONS

10. That at all relevant times herein, defendant Greenville Hotel Partners, Inc., was the owner of certain real property located at 831 Congaree Road, Greenville, South Carolina, which was utilized as a hotel known as the Comfort Inn and Suites, which provided lodging and other guest services to the general public.

11. That defendant R.G. Hospitality, LLC, held a franchise of the Comfort Inn and Suites, located at 831 Congaree Road, Greenville, South Carolina, as franchisee, and controlled, managed, and maintained the business and property for purposes of providing lodging and other guest services to the general public, including the plaintiff's decedent.

12. That defendant Choice Hotels International, Inc., was and is the franchisor of the Comfort Inn and Suites located at 831 Congaree Road, Greenville, South Carolina 29607, and is involved and controls the defendant R.G. Hospitality, LLC, and the operations at the Comfort Inn and Suites located at 831 Congaree Road, Greenville, South Carolina.

13. Plaintiffs are further informed and believe and thereon allege that at all times herein mentioned each of the defendants sued herein, and each of them, was the agent and employee of each of the remaining defendants and in doing the things hereinafter alleged, was acting within the course and scope of that employment or agency and with the permission and consent of each other defendant, and each of them.

14. That at all relevant times herein, the defendants owed a statutory, regulatory and common law duty to provide a reasonably safe environment for the decedent and other invitees lodging in and utilizing the Comfort Inn and Suites, including, but not limited to, providing: (a) adequate security protection, (b) adequate security surveillance equipment, (c) adequate number and location of fire and smoke alarms, (d) adequate sprinkler systems, (e) construction materials and furnishings offering sufficient fire resistance and reasonably safe levels of flammability, (f) visible and accessible means of safe emergency exit including signs, placards, warnings, and adequate number and location for lit exit signs, (g) safe and secure access doors to the building to prevent unauthorized entry, (h) sufficiently trained personnel to perform, inter alia, the herein enumerated duties, (i) adequate training of personnel regarding adequate security, response to fire alarms, security procedures, security equipment and apparatus and the operation, control and maintenance of said equipment and (j) well marked and functioning fire extinguishers and energized water fire hoses.

15. That at all relevant times herein, decedent, for valuable consideration, rented a room at the Comfort Inn and Suites for the evening of January 24 through January 25, 2004, as an invitee of the business.

16. That defendants owed the decedent statutory, regulatory and common law duties as a business invitee under the laws of the State of South Carolina.

17. That while decedent was in her room on the third floor of said hotel, a fire broke out on the premises in the hallway of the third floor.

18. That before and after the fire broke out, decedent did not receive adequate protection or security; did not receive adequate protection from security surveillance equipment; did not receive adequate warning from a fire alarm, heat detector alarm or a smoke detector alarm; was not protected by a sprinkler system; was not provided visible and accessible means of safe emergency exit including signs, placards, warnings, and adequate number and location for lit exit signs, and was unable to escape from the hotel building.

19. That when a fire alarm eventually sounded, an employee of defendants' hotel negligently, recklessly, maliciously and willfully turned it off.

20. That as a direct and proximate result of the fire, decedent was asphyxiated by smoke and toxic gases released by the fire; was burned by the extreme temperatures created by the fire; endured great pain and suffering thereby; and was killed.

21. Decedent's statutory beneficiaries have lost her care, support, comfort, society, aid, and companionship, have endured mental shock and suffering, wounded feelings, anguish, grief, sorrow, distress and anxiety as a result of her death, as well as pecuniary loss and loss of her earning capacity, according to proof at trial. The estate has incurred funeral and related expenses associated with her death and burial, according to proof at trial.

22. That as a further direct and proximate result of the fire, decedent's personal property was destroyed, according to proof at trial.

### FIRST CAUSE OF ACTION

Negligence - Count I
Negligent Construction and Maintenance of Premises
*(Against all Defendants)*

23. Plaintiff reiterates and incorporates paragraphs 1 through 22 above that are not inconsistent herewith, as if fully set forth herein at length.

24. That the lack of (a) adequate security protection; (b) adequate security surveillance equipment; (c) adequate fire alarms; (d) adequate smoke alarms; (e) adequate sprinkler systems; (f) sufficiently fire-resistant construction materials and furnishings; (g) a visible, accessible means of safe emergency exit from the building, (h) safe and secure access doors to the building to prevent unauthorized entry, (i) adequate training of personnel regarding adequate security, response to fire alarms, security procedures and security equipment and apparatus, existed at the subject Comfort Inn and Suites on and before January 25, 2004, and defendants knew or should have known of these dangers, deficiencies, and defects.

25. That defendants owed a duty to the decedent to exercise reasonable care in the ownership, construction, supervision, care and maintenance of the premises and business of the Comfort Inn and Suites.

26. That defendants were negligent and reckless in that they failed to exercise due care for decedent's safety by not correcting the dangerous deficiencies

7

set forth herein, and incorporated herein by this reference, or adequately warning decedent of same.

27. That in addition, defendants did misrepresent the fact that the premises was sufficiently protected by sprinklers when in fact it was not.

28. That decedent was unaware of the defective conditions and was exercising due care for her own safety at the time of her injury and death.

29. That defendants' failure to correct or repair the deficiencies alleged herein or to warn decedent of them, proximately caused decedent to experience great physical and emotional pain, suffering and injuries and the loss of her life and property as more fully alleged in this complaint.

30. That in addition to the deficiencies noted above, the defendants: failed to interconnect the room smoke detectors with those in the main hallways of said premises; failed to maintain proper and adequate emergency lighting systems; failed to provide proper working and adequate smoke detectors, utilized unreasonably dangerous materials of construction which, when ignited, resulted in an overwhelming volume and quantity of thick, black, toxic smoke and other toxic byproducts of combustion; and installed guest doors that muffled the sound of the fire alarm speaker system which eventually sounded as a result of the fire.

31. That the negligence and recklessness of the defendants as set forth herein violated statutory, regulatory and the common law of South Carolina, including, but not limited to South Carolina Code of Regulations 71-8300 (8) (E), 71-8300 (8) (G), and Section 23-9-60 of Code of Laws, 1976, as

amended; and such violations constitute negligence per se, as well as the proximate cause of the damages as more fully set forth and alleged herein and incorporated herein by this reference.

32. That the plaintiff is informed and believes that she is entitled to damages for loss of care, support, comfort, society, aid, and companionship, of the decedent, the mental shock and suffering, wounded feelings, anguish, grief, sorrow, distress and anxiety of the heirs as a result of decedent's death, pecuniary loss and loss of decedent's earning capacity, funeral and related expenses associated with decedent's death and burial, actual, general, special and survival damages in an amount according to proof at trial, as well as costs of this action.

33. Plaintiff is informed and believes that the actions of defendants, and each of them, as referenced in the above paragraphs, including each and every wrongful act, neglect or default, and which will be more fully set forth at trial herein, constituted recklessness, willfulness and malice and as a result subject defendants, and each of them, to exemplary and punitive damages, and plaintiff specifically prays for said damages herein.

### NEGLIGENCE - COUNT II

#### Failure to Protect Against Criminal Acts of Third Parties
*(Against All Defendants)*

34. Plaintiff reiterates and incorporates paragraphs 1 through 33 above that are not inconsistent herewith, as if fully set forth herein at length.

35. That, at all times herein mentioned, defendants owed a duty to exercise reasonable care to: (a) discover that intentional, harmful acts were likely to

9

be committed and were being committed by a third parties who were on the subject premises; (b) provide sufficient warning of said harmful acts to business invitees such as decedent; and (c) to otherwise institute reasonable security procedures to protect decedent against such foreseeable acts and ensuing harm thereby.

36. That at all times herein mentioned, defendants knew or should have known that intruders to the property created a danger to decedent. This knowledge was, or should have been, based on numerous prior criminal assaults, robberies, and burglaries on the premises and in other similar commercial establishments near defendants' hotel. Prior to and at the time of the subject fire, defendants were on notice, not only from prior similar incidents but also from knowledge of security problems posed by the hotel's size, location, and design, and the character of its business, that attacks on guests of the hotel by intruders, including arson, were reasonably foreseeable. Because of these factors, defendants knew or should have known that a reasonably adequate security system was necessary for the protection of defendants' business guests, including decedent.

37. That notwithstanding their notice of these security risks, defendants negligently, recklessly, willfully, maliciously and in wanton and willful disregard for the lives and safety of persons such as decedent, breached their duty of care to decedent as follows: (a) by failing to maintain adequate and adequately trained security guards on the premises; (b) by failing to warn of the danger of criminal acts; (c) by disabling, and/or allowing to

remain disabled, a lock on an outside door away from the front desk of defendants building through which persons were allowed to enter the building undetected; (d) by failing to maintain surveillance of the points of entry to the building; (e) by failing to provide security cameras; (f) by permitting an arsonist to enter the hotel premises; and (g) by turning off the automatic fire alarm immediately when it began to sound; (h) by failing to establish and enforce such other measures as were reasonably necessary to protect patrons and provide them safe premises, and (i) by failing to perform all other tasks and measures which would be reasonable under the circumstances for ownership, control, care and maintenance of the subject premises and as set forth and incorporated herein.

38. That decedent was unaware of the defective conditions and was exercising due care for her own safety, when an arsonist entered the premises and set the above-described fire.

39. That defendants' failure to correct the aforementioned deficiencies or to warn decedent of them proximately caused decedent to experience great mental and physical pain and suffering and the loss of her life and property, as well as the damages and injuries to her statutory beneficiaries as referenced hereinabove in all relevant paragraphs which paragraphs are incorporated herein by this reference.

40. That the failure of defendants to take precautionary measures to avoid or prevent, criminal acts, including but not limited to, arson by intruders on guests of the hotel, including decedent, was reckless, willful and malicious

11

and done with conscious disregard for the safety and personal rights of the hotel guests, including decedent, as a result, decedent is entitled to an award of exemplary and punitive damages.

41. That the plaintiff is entitled to damages for loss of care, support, comfort, society, aid, and companionship, of the decedent, the mental shock and suffering, wounded feelings, anguish, grief, sorrow, distress and anxiety of the heirs as a result of decedent's death, pecuniary loss and loss of decedent's earning capacity, funeral and related expenses associated with decedent's death and burial, actual, general, special and survival damages in an amount to be determined at trial by jury, as well as costs of this action.

## NEGLIGENCE - COUNT III

### Negligent Failure to Render Aid to Decedent
*(Against All Defendants)*

42. Plaintiff reiterates and incorporates paragraphs 1 through 41 above that are not inconsistent herewith as if fully set forth herein at length.

43. That although defendants were aware of the imminent threat to decedent's life and her calls for assistance, as well as the fire alarm that sounded, defendants delayed calling emergency services and in fact shut off the automatic alarm when it began to sound.  The acts and omissions were negligent, reckless, willful and malicious, in violation of the common, regulatory and statutory law of South Carolina, as well as, inter alia, NFPA 72 relating to fire alarm systems.

44. That the defendants' failure to promptly and adequately respond to the sounding fire alarm and to decedent's request for assistance, caused

decedent to experience great mental and physical pain and suffering and to loss of her life as a result thereof, as well as the damages sustained by her statutory beneficiaries as more fully set forth herein, and incorporated herein by this reference.

45. That additionally, defendants' failure to properly train personnel as to the proper methods of response in the events which form the subject of this lawsuit and to adequately and properly train personnel and staff on the premises, was a direct and proximate result of the injuries, death and damages sustained.

46. That defendant's failure to promptly and adequately respond was willful, wanton, and in reckless disregard for the rights, well being and feelings of decedent. Accordingly, Plaintiff is entitled to an award of exemplary and punitive damages.

47. That defendants' failure to respond to decedent's request for assistance proximately caused decedent to experience great mental and physical pain and suffering, injury and to loss of life, as well as the damages to her statutory beneficiaries set forth in all relevant paragraphs hereinabove, which paragraphs are incorporated herein by this reference.

48. That as a direct and proximate result of the negligent and reckless acts of the defendants described herein, plaintiff is informed and believes that she is entitled to damages for survival and wrongful death in an amount to be determined by a jury, and for costs of this action as more fully set forth above, which allegations are incorporated herein by this reference.

## SECOND CAUSE OF ACTION

Implied Warranty
*(Against all Defendants)*

49. Plaintiff reiterates and incorporates paragraphs 1 through 48 above that are not inconsistent herewith.

50. That defendants at the time of the above-described occurrence were and now are engaged in the hotel business for members of the general public.

51. That defendants expressly and impliedly warranted to the public, including decedent, that the rooms at the subject Comfort Inn and Suites were safe, habitable and fit for their intended purpose. That defendants further expressly warranted to the public that the Comfort Inn and Suites in question was adequately protected by sprinklers, which representation was false and fraudulent.

52. That said representations were made by defendants to promote their profits and with the intent that the general public, including decedent, would rely on such representations.

53. That decedent relied on said express and implied warranties in renting a room in the subject hotel, to her detriment.

54. That defendants breached the above-described express and implied warranties by various acts and omissions, including, but not limited to, failing to provide the following: (a) adequate security protection, (b) adequate security surveillance equipment, (c) adequate fire and smoke

14

alarms, (d) adequate sprinkler systems, (e) construction materials and furnishings offering sufficient fire resistance, and reasonably safe levels of flammability, (f) visible, accessible means of safe emergency exit, (g) safe and secure access doors to the building to prevent unauthorized entry, (h) sufficient trained personnel to perform these duties, (i) adequate training of personnel regarding adequate security, response to fire alarms, security procedures, as well as security equipment and apparatus, (j) well marked and functioning fire extinguishers, (k) adherence to applicable city, state, and federal codes and regulations including but not limited to South Carolina Code of Regulations 71-8300 (8) (E), 71-8300 (8) (G), Section 23-9-60 of Code of Laws, 1976, as amended, and all other relevant allegations set forth herein and incorporated by this reference.

55. That plaintiff is informed and believes that the defendants breached their implied and express warranties and that said breaches include but are not limited to South Carolina Code of Regulations 71-8300, "Fire Prevention and Life Safety--Buildings," as authorized by South Carolina 23-9-60 of Code of Laws, 1976, as amended, and that these breaches proximately caused the injuries and damages sustained by the estates and statutory beneficiaries as alleged hereinabove in all relevant paragraphs which are incorporated herein by this reference.

56. That as a direct and proximate result of the breach of express and implied warranties by the defendants, plaintiff is entitled to damages for loss of care, support, comfort, society, aid, and companionship, of the decedent, the

mental shock and suffering, wounded feelings, anguish, grief, sorrow, distress and anxiety of the heirs as a result of decedent's death, pecuniary loss and loss of decedent's earning capacity, funeral and related expenses associated with decedent's death and burial, actual, general, special and survival damages in an amount to be determined at trial by jury, as well as costs of this action, according to proof at trial. Furthermore the decedent suffered great mental and physical pain and suffering, injury, and death.

57. That plaintiff is informed and believes that she is entitled to judgment against the defendants for wrongful death and survival in an amount of actual and punitive damages as may be determined by a jury and for costs of this action according to proof at trial.

WHEREFORE: Plaintiff prays for judgment against the defendants in an amount of actual and punitive damages as may be determined by a jury and for costs of this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action.

Date: 7 · 13 · 04        FOSTER LAW FIRM, LLP

_____
Robert P. Foster (SC Bar #2093)
Federal I.D. #873
P. O. Box 2123
601 East McBee Avenue
Greenville, South Carolina  29602
Phone: (864) 242-6200
Fax:    (864) 233-0290
Attorneys for Plaintiff