IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Elsie Marie Allen, as Personal Representative of the Estate of Donna Lea Swaim, | ) ) ) ) | C.A. No. 6:04-2327-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Greenville Hotel Partners, Inc., and R.G. Hospitality, LLC, and Ronald Gedda, and Choice Hotels International, Inc., and R.G. Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |
| Keith Barfield, as Personal Representative of the Estate of Allison Barfield | ) ) ) | C.A. No. 6:04-1260-HMH |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Choice Hotels International, Inc., RG Hospitality, LLC, Greenville Hotel Partners Inc., Ronald Gedda, and RG Properties, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

1

| | |
|---|---|
| William E. Harrell, Jr.,                    )  | |
|                                              )  | C.A. No. 6:04-2328-HMH |
|           Plaintiff,                        )  | |
|                                              )  | |
|      vs.                                    )  | |
|                                              )  | |
| Greenville Hotel Partners, Inc., and R.G.   )  | |
| Hospitality, LLC, and Ronald Gedda, and     )  | |
| Choice Hotels International, Inc., and R.G. )  | |
| Properties, LLC,                            )  | |
|                                              )  | |
|           Defendants.                       )  | |

Nicholas R. Wilkerson,                    )
                                           )    C.A. No. 6:05-2142-HMH
           Plaintiff,                     )
                                           )
      vs.                                 )
                                           )
Greenville Hotel Partners, Inc., R.G.     )
Hospitality, LLC, Ronald Gedda, Choice    )
Hotels International, Inc., and R.G.      )
Properties, LLC,                          )
                                           )
           Defendants.                    )

## OPINION & ORDER

This matter is before the court on R.G. Properties, LLC's ("RGP") motion to reconsider the court's denying, in part, RGP's motion for summary judgment in its order filed June 30, 2006 ("June Order"). The procedural history and facts concerning RGP's motion for summary judgment are set forth in detail in the June Order and incorporated herein.

In the June Order, the court granted RGP's motion for summary judgment on the Plaintiffs' claims for breach of the warranties of habitability and fitness for a particular use, but denied RGP's motion for summary judgment on the Plaintiffs' negligence claims. With respect to the Plaintiffs' negligence claims, the court concluded that a jury could find RGP liable under

the doctrine of respondeat superior and that RGP's arguments concerning the fire not being proximately caused by William Messer's ("Messer") negligence failed.

In the instant motion, RGP first contends that the court erred in determining that an issue of fact exists concerning whether RGP is liable in negligence under the theory of respondeat superior. RGP argues, "[T]here is simply no evidence that Messer's work at the Comfort Inn was in furtherance of RGP's business and, therefore, not within the scope of his employment with RGP." (Mot. Reconsider 2.) As the court explained in the June Order, though R.G. Hospitality ("RGH"), the company which operates the Comfort Inn where the fire occurred, and RGP may be distinct corporate entities, a clean divide between RGP's operation of the Quality Inn and RGH's operation of the Comfort Inn is lacking. Lawrence Coleman, the Quality Inn manager and RGP's employee, sent Messer to work at the Comfort Inn with general instructions about what to do there; Messer understood that he was to be paid by RGP for his work; and there is no indication that he would not have been paid by RGP if he had submitted a time sheet. (June Order 10.) Additionally, Ronald Gedda, the majority shareholder of RGH and the sole shareholder of RGP, controlled Messer's actions while Messer was at the Comfort Inn, and Messer knew that Gedda could fire him at any time. (Id. 9.) Finally, Jerry Mitchell and another person who assisted with maintenance worked at both the Comfort Inn and the Quality Inn. (Id. 8-9; Pls' Mem. Opp'n Summ. J. Ex. A (Messer Dep. 25, 27).)

When RGH needed help at the Comfort Inn, RGP sent its employee, Messer, to assist. A jury could certainly find from the evidence that RGP's sending Messer furthered RGP's business interests, particularly in light of the interactions between the companies. For these reasons and

those given in the June Order, the court finds that a jury question exists as to whether RGP may be liable under the doctrine of respondeat superior.

RGP also argues that the court erred in finding that a question of fact exists concerning whether Messer's acts proximately caused the Plaintiffs' injuries. Specifically, RGP alleges that Messer and RGP could not have foreseen the criminal act of arson and that the intervening act proximately caused the Plaintiffs' injuries. However, the court carefully considered these issues previously, and the June Order explains why a question of fact remains as to proximate cause. Messer did not have to foresee the <u>manner</u> in which the harm occurred, but only that his negligence "would probably cause injury to something or someone." ((June Order 12) (quoting <u>Childers v. Gas Lines, Inc.</u>, 149 S.E.2d 761, 765 (S.C. 1966).) A jury could find that Messer should have foreseen the fire risk of leaving boxes lining the hallway and stairwell. RGP is not relieved of potential liability because the fire resulted from arson and was not started in another manner, such as by someone "dropping a cigarette in" one of the boxes, a risk Gedda recognized. ((June Order 13) (quoting Pls.' Mem Supp. Summ. J. Ex. C (Gedda Dep. 204-05).)

It is therefore

**ORDERED** that RGP's motion for reconsideration, docket number 111 in civil action number 6:04-1260, number 113 in civil action number 6:04-2327, number 113 in civil action number 6:04-2328, and number 70 in civil action number 6:05-2142, is denied.

**IT IS SO ORDERED.**

             s/Henry M. Herlong, Jr.
             United States District Judge

Greenville, South Carolina
July 18, 2006